# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **DANNY HILL,** | **CASE NO. 4:96 CV 00795** |
| Petitioner, | |
| | **JUDGE JOHN ADAMS** |
| vs. | |
| **CARL ANDERSON, Warden,** | |
| | **MEMORANDUM AND ORDER** |
| Respondent. | |

Before the Court is Petitioner Danny Hill's ("Petitioner" or "Hill") Renewed Motion For Discovery and Renewed Motion to Expand the Record. (ECF No. 146.) Through this motion, Hill requests that this Court reconsider its ruling of December 14, 2010. (ECF No. 132.) Respondent Carl Anderson ("Respondent") opposes Hill's motion. (ECF No. 147.) For the following reasons, the motion is denied.

**I.  Relevant Background**

This Court dismissed Hill's Petition for Writ of Habeas Corpus on September 9, 1999. (ECF No. 54.) Three years later, the Sixth Circuit Court of Appeals remanded the case to this Court with instructions to dismiss Hill's unexhausted claim pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), which held that the death penalty cannot be imposed on a mentally retarded offender. It further ordered that Hill's remaining claims should be stayed pending exhaustion of state court remedies. (ECF No. 60.)

The Trumbull County Court of Common Pleas held an evidentiary hearing on Hill's *Atkins* claim and determined that Hill was not mentally retarded. The Ohio Court of Appeals for the Eleventh District affirmed the trial court's decision. *State v. Hill*, 177 Ohio App. 3d

171, 894 N.E.2d 108 (Ohio Ct. App. 2008). The Ohio Supreme Court did not accept the appeal for review. *State v. Hill*, 122 Ohio St. 3d 1502 (Ohio 2009).

After exhausting his state court remedies, Hill filed an Amended Petition for Writ of Habeas Corpus in this Court on March 15, 2010, asserting three claims: 1) that the death sentence imposed against him violates the Eighth Amendment under *Atkins* due to his mental retardation; 2) that counsel assigned to represent him at the state *Atkins* hearing rendered ineffective assistance of counsel by failing to investigate and to present compelling and relevant evidence in support of the *Atkins* claim; and 3) that he is actually innocent of the death penalty because he is mentally retarded. (ECF No. 94.)

On September 20, 2010, Hill filed several motions with the Court. He sought to expand the record with various declarations supporting his *Atkins* claims. (ECF Nos. 119, 120.) Hill also requested discovery to support his *Atkins* claims and his *Atkins*-related ineffective assistance claim. (ECF No. 117.) And he sought an evidentiary hearing on his *Atkins* claims. (ECF No. 118.)

This Court ruled on Hill's motions on December 14, 2010. It denied Hill's motion to expand the record, concluding that "Petitioner cannot show that he was not at fault for failing to develop the record" at the state *Atkins* hearing and therefore did not satisfy 28 U.S.C. § 2254(e)(2)'s requirements that a petitioner demonstrate that the factual predicates of his claim could have been previously discovered through the exercise of due diligence, and that he is actually innocent.[1] (ECF No. 132, 13.) The Court also denied Hill's discovery request

---

[1] 28 U.S.C. § 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court

2

concerning his *Atkins*-related ineffective-assistance claim during post-conviction proceedings because "Petitioner is not entitled to effective assistance of counsel during post-conviction proceedings and the issue cannot be heard on habeas review." (*Id*. at 15.) It granted discovery relating to the *Atkins* claims generally, however, as the information, if fully developed, may entitle Hill to relief. (*Id*. at 16.) Finally, it denied without prejudice Hill's motion for an evidentiary hearing because, again, Hill did not meet the criteria of Section 2254(e)(2). (*Id*. at 17.)

Hill now requests that the Court reconsider its December 14, 2010 ruling regarding his requests for discovery and to expand the record "in relation to" his ineffective-assistance claim in light of the recent United States Supreme Court decision *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). (ECF No. 146, 1.)

**II.     Analysis**

Because Hill is asking the Court to reconsider its December 14, 2010, ruling, the Court must treat it as a motion under Rule 59(e) of the Federal Rules of Civil Procedure, which

---

proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
(A) the claim relies on--
(I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
This provision applies to motions to expand the record in habeas cases. *Holland v. Jackson*, 542 U.S. 649, 653 (2004).

3

allows district courts to alter, amend, or vacate a prior judgment.[2]  Fed. R. Civ. P. 59(e); *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 343. 348 (6th Cir. 1988)) (internal quotation marks omitted).  It permits courts to amend judgments in four situations:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law or fact; and (4) to prevent manifest injustice.  *See, e.g., Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810-1, at 125-27 (2d ed. 1995).  The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court.  *Huff*, 675 F.2d at 122; 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810-1, at 124 (2d ed. 1995).  However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995).  Although "there are circumstances when a motion to reconsider may perform a valuable function, . . . it [is] improper to use such a motion to ask the Court to rethink what the Court ha[s] already thought through–rightly or wrongly."  *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (internal quotation marks omitted).

Hill claims that the Supreme Court decision *Martinez v. Ryan* represents "an

---

[2] The federal civil rules apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas rules] . . . ."  Habeas Corpus Rule 12.

4

intervening change in controlling law." The *Martinez* Court held that the "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. This holding represents a "limited qualification" to its prior decision *Coleman v. Thompson*, 501 U.S. 722 (1991), in which the Court held that an attorney's negligence in a post-conviction proceeding does not establish cause to excuse procedural default. *Id.* at 1319. The Court explained that it created this exception to *Coleman* to acknowledge "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id.* at 1318. It was careful to note the holding's limitations, however, emphasizing that it is an "equitable" rather than a "constitutional" holding. *Id.* It stated:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. . . . It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id.* at 1320 (citations omitted).

Hill argues that "[s]imilar to in [*sic*] *Martinez*, the ineffective assistance of [Hill's post-conviction *Atkins* counsel] have deprived Mr. Hill of any opportunity to have the merits of his *Atkins* claim heard by any court." (ECF No. 146, 5.) Thus, he contends, the equitable underpinnings of the *Martinez* holding "weigh in favor of Petitioner Hill's claim that the ineffective assistance of state *Atkins* post conviction counsel . . . provide him with cause to demonstrate that failure to develop the record at the state *Atkins* hearing was not the fault of

5

Mr. Hill thereby allowing expansion of the habeas record with the declarations identified . . . ." (*Id*.) And more generally, he argues that "*Martinez* should provide cause to allow this Court to address Mr. Hill's *Atkins* claims raised in the Amended Habeas Petition fully." (*Id*. at 7.)

The Court finds, however, that *Martinez* does not apply here, and it therefore cannot support reconsideration of the Court's December 14, 2010, rulings. Hill wants the Court to reconsider its rulings only "in relation" to his claim regarding the ineffective assistance of his post-conviction *Atkins* counsel. But *Martinez* does not alter the fact that Hill's ineffective-assistance claim is not cognizable in habeas, and therefore does not warrant discovery or expansion of the record supporting it. The *Martinez* Court specifically stated that its holding does not resolve the question of whether a prisoner has a right to effective counsel in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial. *Martinez*, 132 S. Ct. at 1315. To the contrary, the *Martinez* Court recognized that AEDPA's Section 2254(I) precludes the ineffectiveness of a post-conviction attorney as a ground for relief.[3] *Id*. at 1320.

*Martinez*, therefore, does not render incorrect this Court's conclusion that, "[s]ince Petitioner is not entitled to effective assistance of counsel during post-conviction proceedings and the issue cannot be heard on habeas review, [Hill's ineffective assistance of post-conviction *Atkins* counsel] claim will have no merit. Thus, he is not entitled to take depositions of . . . the attorneys that represented Petitioner during post-conviction

---

[3] 28 U.S.C. § 2254(I) provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

proceedings." (ECF No. 132, 15.) For the same reason, *Martinez* does not alter the Court's conclusion that it would not permit expansion of the record based on Hill's argument that he cannot be faulted for failing to develop the state-court record and therefore meets the requirements of Section 2254(e)(2) because of the inadequacy of counsel. (*Id*. at 12-13.) Despite its equitable groundings, *Martinez* does not stand for the proposition that if a habeas petitioner's post-conviction counsel was ineffective, that somehow nullifies the proceedings at issue, excuses any failure to meet AEDPA's requirements, or creates an independent constitutional claim in habeas.

Moreover, Respondent has not asserted default in regard to any of Hill's amended claims, so Hill cannot employ *Martinez* to support his request s in order to demonstrate cause for the procedural default of those claims.

Finally, even if *Martinez* was not so explicitly limited in its holding, the Court does not agree that the equitable concerns posed by Hill's *Atkins* claims justify Hill's requests. Hill claims that he was "deprived . . . of any opportunity to have the merits of his *Atkins* claim heard by any court." (ECF No. 146, 5.) This simply is not true. The trial court held an evidentiary hearing on Hill's *Atkins* claim that lasted eleven days. Three physicians testified at the hearing, as well as numerous lay witnesses. *State v. Hill,* 177 Ohio App. 3d at 179, 894 N.E.2d at 114. The trial court and court of appeals provided detailed analyses of their findings on the matter. *Id*. at 188-94, 894 N.E.2d at 121-27.

**III. Conclusion**

Accordingly, Petitioner's Renewed Motion For Discovery and Renewed Motion to Expand the Record is hereby denied.

7

    IT IS SO ORDERED.

                                          */s/ John R. Adams*
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

July 10, 2012