UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY LEE HILL, | : | CASE NO. 4:96 CV 00795 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE JOHN R. ADAMS |
| vs. | : | |
| | : | |
| CARL ANDERSON, Warden, | : | |
| | : | **MEMORANDUM OF OPINION** |
| Respondent. | : | **AND ORDER** |

This matter is before the Court upon Petitioner Danny Lee Hill's ("Hill" or "Petitioner") Motion for Reconsideration Memorandum of Opinion and Order Denying Request for Authorization for Habeas Counsel to Conduct State Court Litigation. (ECF No. 160.) The Respondent, Warden Carl Anderson ("Respondent"), filed an Opposition to Reconsideration. (ECF No. 160.) For the following reasons, Hill's motion is denied.

I.   Relevant Background

Hill currently has pending in this Court an amended habeas petition asserting claims under *Atkins v. Virginia,* 536 U.S. 304 (2002), which held that the execution of intellectually disabled offenders violates the Eighth Amendment's prohibition against cruel and unusual punishment. (ECF No. 94.) On April 21, 2014, Hill filed a motion in this Court requesting that it authorize his federally appointed and funded counsel who currently represent him in his habeas *Atkins* case to represent him in state-court litigation. Specifically, he wants his habeas counsel to

assist him in obtaining a new trial in state court based on newly obtained evidence, a report from a forensic dental consultant who opines that the bite mark found on Fife "is not a human bitemark [*sic*]." (ECF No. 156, 1-2.)

On May 15, 2014, this Court denied Hill's request. (ECF No. 159.) It concluded that Hill's request does not meet the requirements of 18 U.S.C. § 3599, which authorizes federal funding for indigent petitioners in capital habeas cases, or the United States Supreme Court decision interpreting that statute, *Harbison v. Bell*, 556 U.S. 180 (2009). It explained that Hill seeks to initiate new state-court proceedings based on new, potentially exculpatory evidence, rather than exhaust a federal claim related to his pending habeas petition. And, furthermore, even if Hill's request for federally funded counsel were appropriate and authorized by § 3599, it would be precluded because Hill has not demonstrated that Ohio does not provide "adequate representation" for him in his efforts to obtain a new trial.

Hill now argues that the Court should reconsider that ruling. (ECF No. 160.) He states, with a supporting affidavit, that the Ohio Public Defender's Office cannot represent him because attorneys from the office had represented him in the past, resulting in a "strong conflict," and because the office lacked adequate resources. (ECF No. 160, 2; ECF No. 160-1.) He also explains in detail the significance of the newly discovered evidence upon which he plans to seek a new trial. (ECF No. 160, 2-9.) Finally, Hill stresses his obligation to exhaust any potential federal habeas claim. (ECF No. 160, 9-10.)

Respondent counters that neither the ability and/or willingness of the Ohio Public Defender's Office to represent Hill in this matter nor the significance of the newly discovered evidence changes the fact that Hill's new claim is unrelated to his *Atkins* claims and would

therefore support an entirely new state-court proceeding for which federally funded counsel is not authorized under § 3599.

**II.  Analysis**

The Court agrees with Respondent.  An indigent federal habeas corpus petitioner is entitled to the appointment of "one or more attorneys" and additional services that are "reasonably necessary" for "adequate representation" pursuant to 18 U.S.C. § 3599(a)(2).  Subsection (e) of § 3599 outlines the scope of that representation.  It provides:

> each attorney so appointed shall represent the defendant *throughout every subsequent stage of available judicial proceedings*, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, *and all available post-conviction process*, together with applications for stays of execution and *other appropriate motions and procedures* . . . .

18 U.S.C. § 3599(e) (emphasis added).

In *Harbison*, however, the Supreme Court explained that, although district courts "*may* determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation . . ., [t]his *is not* the same as classifying state habeas proceedings as 'available post-conviction process' within the meaning of [§ 3599(e)]." *Harbison,* 556 U.S. at 190 n.7 (emphasis added).  In fact, the Court was clear that the opposite is true:  "State habeas is not a stage 'subsequent' to federal habeas," and therefore does not fall within the scope of § 3599.  *Id*. at 189.  The Sixth Circuit emphasized this point in *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2011), when it concluded that the habeas petitioner in that case was "not attempting to exhaust a claim in the state courts for the purpose of later presenting it in federal court; rather, he [was] re-opening a state judgment on state-law grounds." *Irick*, 636 F.3d at 292.

As the Court explained, Hill's request for federal funding of habeas counsel, as in *Irick*, is for the "commencement of new judicial proceedings" in order to attack his state-court conviction and sentence. All that is currently pending in this Court is Hill's amended habeas petition regarding his *Atkins* claims. The Sixth Circuit was explicit in limiting its remand of Hill's petition to this Court to litigation of Hill's *Atkins* claims. *Hill*, 300 F.3d at 680. Hill's alleged "newly discovered evidence" is completely unrelated to Hill's *Atkins* claims, and any claims founded on that evidence would not be related to, or necessary for, the full disposition of Hill's pending petition. Although that evidence may relate to certain claims in Hill's initial habeas petition, the Court has ruled on those claims and that petition is no longer within this Court's jurisdiction.

Accordingly, the ability and/or willingness of the Ohio Public Defender's Office to represent Hill in seeking a new trial based on allegedly new evidence is irrelevant and does not alter the Court's decision regarding Hill's request.

### III. Conclusion

Hill's motion to reconsider the Court's denial of his request that the Court authorize his federally appointed and funded counsel who currently represent him in his habeas case in this Court to represent him in state-court litigation is therefore denied.

IT IS SO ORDERED.

                                             */s/ John R. Adams*
                                             JOHN R. ADAMS
                                             UNITED STATES DISTRICT JUDGE

June 25, 2014